The Honorable Steve Danner Senator, District 28 State Capitol Building, room 220 Jefferson City, Missouri 65101
Dear Senator Danner:
This opinion is in response to your questions asking:
 1. Is the recorders fund authorized under Section 59.319, RSMo Supp. 1991, to be held in the county treasury or is the county recorder entitled to have a separate checking account?
 2. Is the county commission authorized to budget less for the county recorder than the funds available in the recorders fund?
Section 59.319, RSMo Supp. 1991, provides in part:
 59.319. User fee, collection, deposit, distribution, use of — state treasurer, commissioner of administration, secretary of state, duties. — 1. A user fee of four dollars shall be charged and collected by every recorder in this state, over and above any other fees required by law, as a condition precedent to the recording of any instrument. The state portion of the fee shall be forwarded monthly by each recorder of deeds to the state director of revenue, and the fees so forwarded shall be deposited by the director in the state treasury. Two dollars of such fee shall be retained by the recorder and deposited in a recorders fund and not in county general revenue for record storage, microfilming, and preservation. [Emphasis added.]
* * *
Section 59.319 provides that two dollars of the four dollar fee shall be deposited in a recorders fund. However, this statute contains no express authorization for a county recorder of deeds to establish a checking account for the recorders fund separate from the county treasury.
County officers possess only such powers as have been expressly granted to them by statute or which are necessarily implied from the powers expressly granted to them. See Opinion No. 400, Rabbitt, 1963 and Opinion No. 45-92. A copy of each is enclosed. Because there is no authority for the county recorder of deeds to maintain a checking account for the recorders fund separate from the county treasury, we conclude the recorder is not authorized to do so.
Section 54.140, RSMo 1986, sets forth certain duties of the county treasurer.
 54.140. County revenue to be kept separate; warrants, how paid out, violation, penalty. — It shall be the duty of the county treasurer to separate and divide the revenues of such county in his hands and as they come into his hands in compliance with the provision of law; and it shall be his duty to pay out the revenues thus subdivided, on warrants issued by order of the commission, on the respective funds so set apart and subdivided, and not otherwise; and for this purpose the treasurer shall keep a separate account with the county commission of each fund which several funds shall be known and designated as provided by law; and no warrant shall be paid out of any fund other than that upon which it has been drawn by order of the commission as aforesaid. . . .
Section 54.070, RSMo 1986, provides for the county treasurer to be bonded.
In the absence of any statutory authority for a county recorder of deeds to maintain a checking account for the recorders fund separate from the county treasury, we conclude in answer to your first question that the recorders fund provided for in Section 59.319 should be maintained as a separate fund by the county treasurer in the county treasury.
Your second question asks whether the county commission is authorized to budget less for the county recorder than the funds available in the recorders fund. Section 59.319 provides that the recorders fund is to be used for "record storage, microfilming, and preservation."
In Attorney General Opinion Letter No. 113-85, a copy of which is enclosed, this office considered whether Section 136.250, RSMo, required the county commission of a third class county to set aside one-half of a twenty percent delinquent tax collection fee in a separate account for the discretionary use of the county prosecuting attorney. Opinion Letter No. 113-85 concluded:
 County funds may be budgeted as a matter of law if a statute or other authority imposes a mandatory, nondiscretionary duty on the county to allocate those funds in a particular manner. State ex rel. Robb v. Poelker, 515 S.W.2d 577, 579 (Mo. banc 1974); Opinion Letter No. 242, Peterson, 1980, copy enclosed. We believe that the one-half of the delinquent tax collection fees designated for use by the prosecuting attorney's office are allocated to the prosecuting attorney's office as a matter of law if such funds are not actually budgeted by the county commission. . . .
Because Section 59.319 expressly provides that two dollars of each four dollar user fee shall be used for record storage, microfilming and preservation, we conclude that the county commission is not authorized to budget less for such purposes than the funds available in the recorders fund. If such funds are not actually budgeted by the county commission, they are budgeted as a matter of law.
CONCLUSION
It is the opinion of this office that (1) the recorders fund authorized under Section 59.319, RSMo Supp. 1991, should be maintained as a separate fund by the county treasurer in the county treasury, and (2) the county commission is not authorized to budget less to the county recorder of deeds for record storage, microfilming and preservation than the funds available in the recorders fund.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 45-92 Opinion Letter No. 113-85 Opinion Letter No. 242, Peterson, 1980 Opinion No. 400, Rabbitt, 1963